HEARD NOVEMBER TERM, 1877.

## WAGNER vs. PEGUES.

Equity will not relieve against an execution on the ground of irregularity in the proceedings under which it was obtained.

No one but the defendant in execution can make objection to the execution on the ground of irregularity.

Equity will not enjoin a judgment creditor from enforcing his execution against lands in the hands of a purchaser from the judgment debtor on the ground that ten years had elapsed since the purchase was made or on the ground generally of laches in enforcing the execution.

BEFORE TOWNSEND, J., AT DARLINGTON, JUNE, 1876.

This was an action by Theodore D. Wagner and Rowena Warley against Samuel W. Pegues for an injunction to restrain the sale of a tract of land.

His Honor refused the relief demanded and made a decree dismissing the complaint. The defendants appealed.

The case will be sufficiently understood from the opinion of this Court.

*Spain,* for appellant.

*Hudson,* contra.

November 18, 1878. The opinion of the Court was delivered by

KERSHAW, Circuit Judge, (acting as Associate Justice). On the 31st of December, 1862, John P. Zimmerman conveyed in fee, for a valuable consideration, to the plaintiff, Theodore D. Wagner, a certain tract of land described in the pleadings. Wagner entered upon the land and remained in quiet possession until the 17th May, 1866, when he conveyed to Mr. Warley, the plaintiff's (Rowena's) intestate, with covenant of warranty against all persons whomsoever. Both deeds were duly recorded. Warley entered and held possession of the premises from the time of the conveyance to him until his death, and the plaintiff Rowena, who is his widow, has remained in possession to the present time.

This action was commenced January 6th, 1873. The defendant holds a judgment, which was duly entered in Darlington, where Zimmerman resided, October 27th, 1860, upon which execution was sued out and entered, and the lien created thereby attached to all the property owned by Zimmerman at that time or subsequently

acquired. Zimmerman died intestate, in 1863, seized and possessed of a large estate, real and personal. June 20th, 1868, the administrators of Zimmerman filed a bill against the defendant, Pegues, and others, to enjoin creditors and marshal the assets. The judgment of Pegues was the only one established under this bill against the estate. The bill for some reasons was dismissed, and another was filed, by the same plaintiffs, November 3, 1871, for the same purposes, and also to have dower assigned to the widow of Zimmerman in certain lands of the estate. To this bill there was no answer made by Pegues, and an order was made therein enjoining all the creditors except Pegues. Under that proceeding the lands of Zimmerman were sold at a great sacrifice. Pegues became a purchaser to the extent of $1,468.35 and gave his bonds for the amount. Considerable personal estate went into the hands of the administrators of Zimmerman, which, it is alleged, was wasted, and debts were paid by them out of their order. Of the proceeds of the lands sold, $195 was paid to the widow of Zimmerman (who was also one of the administrators) on account of dower, any further payment on that account being prohibited by order until account should be taken. Pegues was a resident of Alabama during all these proceedings. In April, 1867, on affidavits tending to show the loss of Pegues's execution against Zimmerman, an order of Court was made granting a new execution, without notice to the administrators, and a levy was made of a tract of land called "Jack's Bay," February 10th, 1868, which, if then sold, would probably have paid the judgment debt. In December, 1869, without any disposition of the former levy, the execution was levied on the land in question here. This execution appears never to have been returned. November 8th, 1872, by leave of Court, a new execution was ordered to issue, and on the 11th of the same month there was a levy thereunder made upon the land here in question, and it was advertised for sale in January, 1873.

The plaintiffs in this action seek to enjoin said sales and to remove the lien of the judgment as a cloud upon the plaintiffs' title. We proceed to consider the questions presented by the appeal.

One of the matters complained of by the plaintiffs was, that the execution under which defendant proceeded was null and void for certain alleged irregularities of proceeding. For this it is sufficient to say that the powers of equity cannot be invoked to restrain an execution on the ground of irregularity.

In the *Attorney General* vs. *Baker*, (9 Rich. Eq., 531,) it is said to be well established that the process of a Court cannot be collaterally assailed. It belonged to the Court of law to annul a process issued under its authority, and ample means are provided for correcting any erroneous orders of Court concerning executions.

The authorities cited by counsel for the respondents sustain the proposition that no one but the defendant in execution can make the objection on the ground of irregularity. Appellants' counsel has, however, insisted here most strongly upon other grounds. It is argued that the conveyance of the land by Zimmerman to Wagner vested the fee in the latter and it was rightfully conveyed to Warley; that the continuity of rightful possession was not broken by the transfer from Wagner to Warley; that these possessions being continuous and rightful, the defendant could not after ten years from their commencement enforce his judgment against the land. These propositions were urged with much zeal, force and learning. But whatever may be their soundness in point of law, (of which we pronounce no opinion,) we do not find that they are before us for consideration in this case. To grant the relief sought here on these grounds would be to commit the Court to the exercise of equitable jurisdiction *quia timet* and enjoin possible or threatened proceedings in the Courts in all cases where it might be made to appear that the Statutes of Limitation would bar such proceedings when they came to be instituted. For this position we can find no authority.

The gravamen of appellants' case, and that which would seem most to afford equitable grounds entitling them to relief, is found in the charges of laches on the part of the defendant in standing by and suffering the wasting of the debtor's estate for so long a time and until irreparable injury has been wrought by the failure of the assets and the insolvency of the sureties to the administration bond, &c.

If the defendant has neglected any duty which equity imposes on him in favor of the plaintiffs, then this Court must intervene to protect them against the consequences of such neglect. But we are unable to find in the case anything culpable in the conduct of the defendant—any violation of right of which plaintiffs can here complain. The authorities cited abundantly show that a judgment creditor cannot be compelled to resort to any one of several sources to obtain satisfaction, even in favor of purchasers from the debtor

subsequent to the judgment. He has a right to select what property shall be sold under his execution.—*Longworth* vs. *Screven*, 2 Hill, 298; *McAliley* vs. *Barber*, 4 S. C., 45; *Moore* vs. *Wright*, 14 Rich., 132.

According to the principles of these decisions, no duty devolved upon the defendant to protect the interests of the plaintiffs by guarding the assets of Zimmerman or enforcing his judgment against other lands of the debtor. If it was important to the interests of the plaintiffs, they may have taken upon themselves the burden of such litigation as was necessary to protect them, and cannot shift it upon the defendant. The only case we have found that would seem to entitle the plaintiffs to the relief claimed is that of *Hurd* vs. *Eaton*, (28 Ill., 122,) which does determine that where a judgment creditor may collect his debt from property which the debtor has not conveyed, but refuses or neglects to do so, he will be enjoined from proceeding against lands in the hands of purchasers for value from the debtor.

If that decision did not conflict with our own authorities, we may have held the defendant to have lost his remedy against the plaintiff's land by his failure to proceed against the other property bound by his judgment; but we must stand upon our own authorities. Upon examination of the facts of the case, it will be seen, however, that the Court there was well warranted in coming to the conclusion it did without violating any principle held here. The judgment creditor who was enjoined in that case had, before seeking to enforce his execution against the property in the hands of the vendee of his debts, expressly waived the lien of his judgment on other property of the debtor sufficient to pay his debt and suffered it to be sold and applied to a junior judgment. This afforded a sufficient ground of equity to entitle the vendee of the debtor to an injunction. There is no equity in this case to authorize the relief prayed under our decisions.

The judgment below is affirmed and the appeal dismissed.

*Willard*, C. J., and *Haskell*, A. J., concurred.